IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DAVIS as personal
representative of the wrongful death
estate of PETE JACOB MARTINEZ,

    Plaintiff,

vs.                                                                 No. 1:25-cv-00167-LF-JMR

CITY OF ALBUQUERQUE
and ANGELO LOVATO,

    Defendants.

## ORDER

THIS MATTER is before the Court on defendant Angelo Lovato's motion to stay this case under the Servicemembers Civil Relief Act ("SCRA"). Doc. 11. For the reasons below, the Court denies the motion without prejudice.

## BACKGROUND

This is a wrongful-death lawsuit, removed to this Court from New Mexico state court, involving alleged police brutality and constitutional violations at the hands of Mr. Lovato, who worked as a police officer for defendant the City of Albuquerque. *See* Doc. 1-2.

"[O]n-call 24/7" and working a full-time schedule, Mr. Lovato "is currently deployed with the New Mexico Army National Guard," where he "supervises engineering operations"; "coordinates personnel assignments and resource allocation"; and "provides operational oversight." Doc. 11 at 1. Because of his unpredictable schedule and critical role, Mr. Lovato asserts that he is not presently "able to materially assist in his own defense" in this case. *Id.* at 2. He therefore requests a stay under the SCRA until June 30, 2025, when his "military service is currently scheduled to end." *Id.*

## ANALYSIS

The SCRA's standards are well established. Courts "shall, upon application by [an eligible] servicemember, stay the [civil] action for a period of not less than 90 days" if the servicemember satisfies the statute's requirements. 50 U.S.C. § 3932(b)(1).

First, the servicemember must be engaged in "military service," *id.* § 3932(a)(1), defined as "active duty" service or "in the case of a member of the National Guard," "service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days … for purposes of responding to a national emergency declared by the President and supported by Federal funds," *id.* § 3911(2). The term "active duty" explicitly "does not include full-time National Guard duty." 10 U.S.C. § 101(d)(1); *see Midwest Reg'l Bank v. Caribou Energy Corp.*, No. 4:18-cv-1217-RWS, 2018 WL 6171443, at *1 (E.D. Mo. Nov. 26, 2018) ("Section 101(d)(1) of Title 10 makes clear that full-time National Guard duty does not qualify as 'active duty' within the meaning of the Servicemembers Civil Relief Act.").

Second, the servicemember must submit to the Court a "letter or other communication" (A) "setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear" and (B) "from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C. § 3932(b)(2)(A)–(B); *see, e.g.*, *Pandolfo v. Labach*, 727 F. Supp. 2d 1172, 1174–75 (D.N.M. 2010).

The evidence that Mr. Lovato submitted to support his motion does not satisfy these requirements. First, Mr. Lovato does not appear to be engaged in "military service" as defined by the SCRA. His full-time New Mexico Army National Guard service is not considered "active

duty" under 50 U.S.C. § 3911(2) because that term "does not include full-time National Guard duty," 10 U.S.C. § 101(d)(1); *Midwest Reg'l*, 2018 WL 6171443, at *2, and he cites no evidence that he is "under a call to active service authorized by the President or the Secretary of Defense" to "respond[] to a national emergency declared by the President and supported by Federal funds," 50 U.S.C. § 3911(2).  Indeed, Mr. Lovato appears to serve "[b]y the direction of the [New Mexico] Governor"—not the federal government.  Doc. 11-2; *see, e.g.*, *Smith v. Sikorsky Aircraft Corp.*, 41 F. Supp. 3d 564, 567 (S.D. Tex. 2014) (SCRA did not cover "Texas Army National Guard" service).  Second, the letter that Mr. Lovato submitted to the Court from his commanding officer, while compliant in all other respects, does not include the required statement that "military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C. § 3932(b)(2)(B); *see, e.g.*, *Hale v. Chaves Cnty. Bd. of Commissioners*, No. 14-cv-0313-JCH-GBW, 2014 WL 12792260, at *1 (D.N.M. June 5, 2014).  The Court therefore denies Mr. Lovato's stay motion at this time.

 Denial is without prejudice.  The SCRA states that the Court "shall" grant a stay if the servicemember files a motion meeting the statute's requirements.  50 U.S.C. § 3932(b)(1); *see, e.g.*, *Turner v. A. Passmore & Sons Inc.*, 341 F. App'x 363, 370 (10th Cir. 2009) (noting that the SCRA "provides that a court … must at the servicemember's request, stay any proceeding in which a servicemember is a party, under certain conditions").  Given this mandatory statutory language, Mr. Lovato is not precluded from refiling a stay motion under the SCRA if the circumstances of his National Guard service change in the future.  *See, e.g.*, *Midwest Reg'l*, 2018 WL 5013887, at *2 (denying a stay under the SCRA but permitting a "supplemental application for a stay" addressing the statute's requirements).

## **CONCLUSION**

Mr. Lovato's motion to stay under the SCRA (Doc. 11) is denied without prejudice.

*/s/ Laura Fashing*
Laura Fashing
United States Magistrate Judge