IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DAVIS as personal
representative of the wrongful death
estate of PETE JACOB MARTINEZ,

      Plaintiff,

vs.                                  No. 1:25-cv-00167-LF-JMR

CITY OF ALBUQUERQUE
and ANGELO LOVATO,

      Defendants.

## <u>ORDER</u>

THIS MATTER is before the Court on defendant Angelo Lovato's second motion to stay this case under the Servicemembers Civil Relief Act ("SCRA"). Doc. 25. The motion is denied without prejudice.

The Court detailed this case's background in its March 13, 2025 order denying Mr. Lovato's first stay motion without prejudice. Doc. 21. To summarize, Mr. Lovato is deployed full time with the New Mexico Army National Guard and again seeks to stay this lawsuit until his National Guard service ends on June 30, 2025. Doc. 25. The Court denied Mr. Lovato's first stay motion for two reasons. First,

> Mr. Lovato does not appear to be engaged in 'military service' as defined by the SCRA. His full-time New Mexico Army National Guard service is not considered "active duty" under 50 U.S.C. § 3911(2) because that term "does not include full-time National Guard duty," 10 U.S.C. § 101(d)(1); [*Midwest Reg'l Bank v. Caribou Energy Corp.*, No. 4:18-cv-1217-RWS, 2018 WL 6171443, at *2 (E.D. Mo. Nov. 26, 2018)], and he cites no evidence [in the alternative] that he is "under a call to active [National Guard] service authorized by the President or the Secretary of Defense" to "respond[] to a national emergency declared by the President and supported by Federal funds," 50 U.S.C. § 3911(2).

Doc. 21 at 2–3. Second, Mr. Lovato cited no evidence that "military leave [was] not

authorized" at the time of his first motion.  *Id.* at 3 (50 U.S.C. § 3932(b)(2)(B)).

In his second motion, Mr. Lovato (1) attached a letter from his commanding officer stating that he "is not authorized to take leave starting 1 April 2025," Doc. 25-1; and (2) cited NMSA § 20-4-7(A), a New Mexico statute providing that New Mexico National Guard members serving 30 or more days are entitled to the SCRA's "rights, benefits and protections," Doc. 25 at 3.

The letter stating that Mr. Lovato cannot take military leave satisfies the SCRA. *See* 50 U.S.C. § 3932(b)(2)(B).  But the New Mexico statute that he cites (NMSA § 20-4-7(A)) directly conflicts under the circumstances of this case with federal law explicitly stating that the SCRA does not cover "full-time National Guard duty."  10 U.S.C. § 101(d)(1); *see Midwest Reg'l*, 2018 WL 6171443, at *1 ("Section 101(d)(1) of Title 10 makes clear that full-time National Guard duty does not qualify as 'active duty' within the meaning of the Servicemembers Civil Relief Act.").  I therefore find that federal law controls in this case over New Mexico law under the U.S. Constitution's Supremacy Clause.  *See, e.g.*, *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015) (holding that "[c]ourts 'shall' regard [federal law] as 'the supreme Law of the Land'" and "must not give effect to state laws that conflict with federal laws" (quoting U.S. CONST. art. vi, cl. 2)); *State ex rel. Est. of Perry ex rel. Perry*, 168 S.W.3d 577, 587 (Mo. Ct. App. 2005) (holding that the SCRA controlled over conflicting state law under the Supremacy Clause).  I also find that Mr. Lovato again cites no evidence that he is "under a call to active [National Guard] service authorized by the President or the Secretary of Defense" to "respond[] to a national emergency declared by the President and supported by Federal funds."  50 U.S.C. § 3911(2).  Accordingly, Mr. Lovato's second stay motion is denied.

Denial is again without prejudice given the SCRA's mandatory language. *See* 50 U.S.C. § 3932(b)(1); *Turner v. A. Passmore & Sons Inc.*, 341 F. App'x 363, 370 (10th Cir. 2009). Specifically, Mr. Lovato is not precluded from refiling an SCRA stay motion in this case if he is later called to "active [National Guard] service authorized by the President or the Secretary of Defense" to "respond[] to a national emergency declared by the President and supported by Federal funds." 50 U.S.C. § 3911(2).

Finally, because the parties agree that Mr. Lovato "and his attorney will have difficulty coordinating [his] appearance at a deposition from April 1 to June 30," 2025, given his military service, Mr. Lovato's deposition is stayed until June 30, 2025, relief that plaintiff does not oppose. Doc. 26 at 3. The Court also urges the parties to work together at the Rule 16 scheduling conference set for April 10, 2025, to craft a scheduling order that addresses Mr. Lovato's situation. *See* Doc. 24.

For the foregoing reasons, Mr. Lovato's second motion to stay under the SCRA (Doc. 25) is denied without prejudice.

_____
Laura Fashing
United States Magistrate Judge